IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO ARNOLDO ARANDA,

    Petitioner,

v.                                                                                                 No. 22-cv-0583 KWR-KK

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Pedro Arnoldo Aranda's Letter-Petition Regarding Sentence Calculation (Doc. 1) (Letter-Petition). Petitioner is incarcerated and proceeding *pro se*. He challenges the execution of his federal sentence, and in particular, the failure to award 54 days of good time credits. A challenge to the execution of a sentence, including an allegation that the Bureau of Prisons (BOP) miscalculated earned credit, is construed as a habeas corpus petition under 28 U.S.C. § 2241. *See Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle ... for attacking the execution of a sentence."); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting § 2241 is the appropriate vehicle for challenging deprivation of good-time credits); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) ("[A] § 2241 [petition] … may challenge … deprivation of good-time credits").

When a pleading seeks a shorter sentence under § 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). *See also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence … must be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86

F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."). Petitioner is confined at United States Penitentiary (USP) Terre Haute in Indiana. USP Terre Haute is located in Vigo County, Indiana, within the jurisdiction of the United States District Court for the Southern District of Indiana. *See* 28 U.S.C. § 94(b)(2) ("The Southern District comprises four divisions," and the "Terre Haute Division [includes] … Vigo" County); https://www.bop.gov/locations/institutions/thp/. The Letter-Petition must therefore be resolved in that Federal Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer). The claims are not time-barred; "there is no statute of limitations for petitions invoking § 2241." *Craig v. United States*, 844 Fed. App'x 96 (10th Cir. 2021). An allegation that the BOP miscalculated earned credit may survive initial review. And, while Petitioner directs his concerns to the sentencing court, rather than the district of confinement, this is a common mistake for *pro se* litigants. The Court therefore finds no evidence of bad faith.

For these reasons, a transfer is in the interest of justice. The Court will transfer this case to the United States District Court for the Southern District of Indiana, Terre Haute Division. Petitioner may be asked to file his claims on the proper § 2241 form, which provides more information, and pay the $5 habeas filing fee in the Indiana Court. For convenience, and to the extent Petitioner would like a copy of relevant forms, the Court will direct the District of New Mexico Clerk's Office to mail him a blank § 2241 form and a blank *in forma pauperis* application. **Petitioner is reminded that all further pleadings and payments should be submitted to the United States District Court for the Southern District of Indiana, Terre Haute Division.**

**IT IS ORDERED** that the Clerk's Office shall **TRANSFER** this proceeding, including the Letter-Petition Regarding Sentence Calculation (**Doc. 1**), to the United States District Court for the Southern District of Indiana, Terre Haute Division; and **CLOSE** this civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank § 2241 habeas petition and a blank motion to proceed *in forma pauperis*, should he wish to file those forms in the Indiana.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE